UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FITZGERALD DABEL,

    Plaintiff,

v.                                Case No. 3:22cv18210-LC-HTC

SGT. SPADLEY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a handwritten complaint entitled "Maritime Lien" and purporting to assert claims under 42 U.S.C. § 1983 for excessive force. ECF Doc. 1. As set forth below, Plaintiff's complaint is subject to dismissal based on Plaintiff's failure to comply with Court orders and his failure to prosecute.

On September 29, 2022, the Court ordered Plaintiff to, within twenty-one (21) days, file an amended complaint on this Court's forms and a motion to proceed *in forma pauperis*, or alternatively, pay the full filing fee. ECF Doc. 3. The Order warned Plaintiff that his failure to comply with it could result in a recommendation of dismissal. On October 26, 2022, after Plaintiff failed to comply, the Court issued an order giving Plaintiff fourteen (14) days to show cause why this case should not

be dismissed for failure to comply with the Court's September 29 Order. ECF Doc. 8. Plaintiff also did not respond to the October 24 Order; in fact, Plaintiff has not communicated with the Court since filing the complaint on August 19, 2022.

A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See, e.g.*, *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Additionally, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Here, dismissal is

appropriate because Plaintiff has 1) failed to file a motion to proceed *in forma pauperis* or pay the full filing fee, as ordered by the Court; 2) failed to respond to the Court's orders, despite being cautioned of the potential consequences; and 3) failed to otherwise communicate with the Court in over two months.

Accordingly, it is respectfully RECOMMENDED:

1.   This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2.   The clerk be directed to close the file.

At Pensacola, Florida, this 16th day of November, 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:22cv18210-LC-HTC